UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **FABRICLEAR, LLC,**<br>Plaintiff, | )<br>)<br>)<br>) | **CIVIL ACTION**<br>**NO. 20-10580-TSH** |
| v. | )<br>) |  |
| **HARVEST DIRECT, LLC,**<br>Defendant. | )<br>)<br>)<br>) |  |

### ORDER ON PLAINTIFF'S
### MOTION FOR DETERMINATION OF PROFITS
October 31, 2023

**HILLMAN, S.D.J.**

FabriClear, LLC ("FabriClear") filed this action against Harvest Direct, LLC ("Harvest Direct"), alleging claims for breach of contract and trade secret misappropriation under the Lanham Act and state law. On January 13, 2023, this Court granted summary judgment for FabriClear, finding that Harvest Direct breached the Confidentiality Agreement it had with FabriClear by using the formula for a bed bug treatment product it obtained from FabriClear to create and sell its own product under the brand name X-Out. The Court also granted summary judgment for FabriClear finding that Harvest Direct falsely designated the origin of X-Out by replacing FabriClear's labels with its own on the spray bottles. On February 8, 2023, FabriClear filed a motion for an accounting of Harvest Direct's profits. The following day, Harvest Direct filed a Suggestion of Bankruptcy, which stayed this case. Harvest Direct's bankruptcy was dismissed on March 2, 2023, when it failed to provide the requested documentation to the Bankruptcy Court. FabriClear renewed its motion for an accounting, which this Court granted on May 15, 2023.

FabriClear now moves to determine the scope of the accounting and seeks disgorgement of Harvest Direct's profits, arguing that disgorgement of profits is subject to the principles of equity. FabriClear further asserts that the matter should not be decided by a jury. Harvest Direct opposes the motion and argues that it is entitled to a jury trial on the issue of an accounting because FabriClear's claims for an accounting is a proxy for a legal claim for damages. The issue was briefed by the parties and oral argument was held on September 12, 2023.

Section 1117(a) of the Lanham Act provides that a successful plaintiff shall be entitled "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a); *Monahan Prod. LLC v. Sam's E., Inc.*, 463 F. Supp. 3d 128, 145–52 (D.Mass. 2020). The First Circuit has established four rules for awarding monetary damages under 15 U.S.C. § 1117(a):

1) a plaintiff seeking damage must prove actual harm, such as the diversion of sales to the defendant;

2) a plaintiff seeking an accounting of defendant's profits must show that the products directly compete, such that defendant's profits would have gone to plaintiff if there was no violation;

3) the general rule of direct competition is loosened if the defendant acted fraudulently or palmed off inferior goods, such that actual harm is presumed; and

4) where defendant's inequitable conduct warrants bypassing the usual rule of actual harm, damages may be assessed on an unjust enrichment or deterrence theory.

*Aktiebolaget Electrolux v. Armatron Int'l Inc.*, 999 F.2d 1, 5 (1st Cir. 1993).

FabriClear is seeking the disgorgement of Harvest Direct's profits as monetary damages. Disgorgement "may be awarded in a trademark infringement action 'subject to the principles of equity.'" *Tamko Roofing Prod., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 35 (1st Cir. 2002) (quoting 15 U.S.C. § 1117(a)). The First Circuit has identified three justifications for awarding disgorgement: "(1) as a rough measure of the harm to plaintiff; (2) to avoid unjust enrichment of

the defendant; or (3) if necessary to protect the plaintiff by deterring a willful infringer from further infringement." *Id.*

A party may also be entitled to a jury trial if an equitable remedy is of a legal nature. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962). For instance, an accounting of profits can act as a proxy for a legal claim in some circumstances. *See SharkNinja Operating LLC v. Dyson Inc.*, No. 14- 13720-ADB, 2016 WL 6134101, at *1–2 (D.Mass. Oct. 19, 2016). The First Circuit has yet to address whether an accounting of profits that acts as a proxy for legal damages creates a right to a jury trial, but it has observed that the "proxy rationale" may be the "strongest argument" for such a right. *Visible Sys. Corp. v. Unisys Corp.*, 551 F.3d 65, 80 n.11 (1st Cir. 2008). Using methodology that this Court finds convincing, other courts have found a right to a jury trial by applying the proxy rationale if 1) the case involves similar products, 2) there is no adequate remedy at law and 3) the products compete directly. *See Ferring Pharmaceuticals, Inc. v. Braintree Laboratories*, 220 F.Supp.3d 149, 151 (D.Mass. 2016), *citing SharkNinja*, 2016 WL 6134101, at *2.

Applying the *SharkNinja* factors here, it is unclear at this stage whether the requirements for a proxy theory of damages are met. FabriClear and Harvest Direct were selling similar products and there does not appear to be an alternative legal remedy, however it is not clear on the record that the products were in direct competition. *See SharkNinja*, 2016 WL 6134101 at *2; *Ferring Pharmaceuticals*, 220 F.Supp.3d at 152. Accordingly, the Court will hold a jury trial on all remaining claims, including a determination of Harvest Direct's profits and decide at a later time whether the jury verdict will be advisory. *See SharkNinja*, 2016 WL 6134101 at *3, citing *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 36 (1st Cir. 2006) (where district court denied motion to strike jury demand, "reserving the question until 'after the case has been completed,'

at which point, '[i]f [the court] determine[s] that plaintiff does not have a right to a jury trial, [it] w[ould] treat the jury's verdict as advisory pursuant to Fed. R. Civ. P. 39(c).' ").

## Conclusion

Plaintiff's Motion for Determination and Award of the Harvest Entities' Profits (Docket No. 107) is **denied** without prejudice.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES SENIOR DISTRICT JUDGE

SO ORDERED.