UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **FABRICLEAR, LLC,** | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
|  | ) | **NO. 20-10580-TSH** |
| v. | ) | |
|  | ) | |
| **HARVEST DIRECT, LLC,** | ) | |
| Defendant. | ) | |
|  | ) | |

**ORDER ON PLAINTIFF'S FIRST MOTION IN LIMINE
TO PRECLUDE LATE-PRODUCED DOCUMENTS**
**November 21, 2023**

**HILLMAN, S.D.J.**

FabriClear, LLC ("FabriClear") filed this action against Harvest Direct, LLC ("Harvest Direct"), alleging claims for breach of contract and trade secret misappropriation under the Lanham Act and state law. FabriClear now moves for an order precluding Harvest Direct, from introducing as evidence at trial documents produced beyond the cutoff of discovery, and from eliciting testimony related to those documents, in particular, 1500 pages of accounting documents produced by Harvest Direct in July 2023.

**Background**

On February 26, 2021, FabriClear served Harvest Direct with its first set of interrogatories and first set of requests for the production of documents. Among other things, those requests sought information and documents related to Harvest Direct's profits of the FabriClear and X-Out products. The requests included the following:

> 11. All documents concerning the purchase and/or receipt of any FabriClear Product (which was defined as "any and all products comprising the bed bug spray formulation provided to you by and/or on behalf of Mark Panagiotes and/or FabriClear").

12. All documents concerning sales of FabriClear Product.

13. All documents concerning payments to Mark Panagiotes and/or FabriClear.

14. All documents concerning Harvest Direct's costs in selling FabriClear Product.

15. All documents concerning Harvest Direct's profits connected with the sale of FabriClear Product.

16. Documents sufficient to provide a full accounting of Harvest Direct's sales of FabriClear and X-Out Product.

17. All documents concerning the purchase and/or receipt of X-Out Product.

18. All documents concerning sales of X-Out Product.

19. All Documents concerning Harvest Direct's costs in selling X-Out Product.

20. All documents concerning Harvest Direct's profits connected with the sale of X-Out Product.

58. All documents concerning the sales of any Harvest Direct products that are designed to treat bed bugs, including the number of units sold, revenues, cost of sales, average selling price, gross margins, operating margins and profit for said products.

*See* Exhibit 1 to the Affidavit of Thomas McNulty (Docket No. 128-1)

Under the federal rules, a response was due 30 days later, or by March 28, 2021, unless a later date was agreed to by the parties or the court ordered otherwise. *See* Fed.R.Civ.P. 34(b)(2)(A). Harvest Direct did not provide any objections to the requests and did not provide documents or information in response to the requests. There is no evidence on the record that the parties agreed to a later date and the Court did not order an extension.

Fact discovery closed on September 30, 2021. Dispositive motions were originally due on February 28, 2022 but after four requested extensions, were not ultimately due until July 6, 2022. FabriClear filed a motion for partial summary judgment on July 6, 2022. Following a hearing on September 21, 2022, the parties, on October 6, 2022, agreed to a mediation and requested a referral to a magistrate judge. In preparation for the mediation, FabriClear requested and Harvest

Direct produced, a raw spreadsheet on November 2, 2022 purporting to show the sales data for "X-Out." No explanation was provided to interpret the data contained in the spreadsheet.

The mediation was unsuccessful and the litigation continued. This Court granted summary judgment for FabriClear on the issues of breach of the confidentiality agreement, false designation of origin, and violation of 93A claims. Trial was due to begin on February 10, 2023, however the action was stayed when Harvest Direct filed for bankruptcy on February 9, 2023. Once the stay was lifted, FabriClear moved for an accounting of Harvest Direct's Profits, which this Court granted on May 15, 2023. On May 13, 2023, Harvest Direct produced 1500 pages of accounting reports purporting to be for the "sale of X-Out by the defendant from inception in 2019 to the close of sales thereof … ." These reports were delivered to FabriClear without any explanation or referencing whether they were responsive to a specific discovery request and were a classic "document dump." On May 24, 2023, counsel for FabriClear enquired of Harvest Direct's counsel whether their discovery responses would be supplemented. These accounting reports, which Harvest Direct intends to introduce at trial, are the subject of this motion.

## Standard of Review

The relevant discovery rules include the following. Under Rule 34, unless the parties stipulate or the court orders otherwise, a party receiving a request for the production of documents must respond in writing within 30 days. Fed.R.Civ.P. 34(b)(2)(A). The production of documents "must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed.R.Civ.P. 34(b)(2)(B).

Under Rule 26, "[a] party who has . . . responded to an interrogatory, request for production, or request for admission—must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or

incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed.R.Civ.P. 26(e)(1). Rule 26(g) provides for sanctions:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3).

Rule 37 also addresses sanctions for failure to provide discovery. "If a party fails to provide [supplemental] information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) enforces Rule 26(a) by providing that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence ... any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). "[T]he required sanction in the ordinary case is mandatory preclusion." *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (alteration in original) (internal quotation marks omitted) (*quoting Klonoskiv. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998)). The party facing preclusion must show that its failure to meet a discovery deadline was either justified or harmless. *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

In determining the proper sanction, the court should consider "(1) the party's justification for the late disclosure; (2) the opposing party's ability to overcome any prejudice; (3) the impact on the court docket; (4) the party's history of litigation abuse; and (5) the party's need for the late evidence." *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State Street Bank & Trust Co.*, 290 F.R.D. 11, 17 (D.Mass. 2013) (*citing Harriman v. Hancock*

4

*Cty.*, 627 F.3d 22, 30 (1st Cir. 2010)); *see also Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191, 197-98 (1st Cir. 2006).

## **Discussion**

Harvest Direct argues that the accounting reports did not exist at the time of FabriClear's Rule 34 requests, that the reports were in fact created after this Court's allowance of the FabriClear's motion for an accounting. Put another way, Harvest Direct contends that while *data* contained in the accounting reports existed at the time of the document discovery requests two years ago, the accounting report – the *document* itself – did not. And because it was created on July 12, 2023 in response to FabriClear's motion for an accounting, and Harvest Direct contends, "a party is not required to create documents in response to a request for production of documents," it is not in violation of any discovery rule.

The Court finds that is a distinction without a difference. Here, despite the fact that the information requested was available, Harvest Direct did not provide discovery as required by the rules. The documents were produced two years and three months after the Rule 34 deadline, one year and nine months after the close of discovery, and two months after the Court granted the motion for an accounting. As noted, under Rule 37(c), they must be precluded from using those documents in support of a motion or at trial unless the court finds that the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The record is devoid of any evidence that would justify such a delay and the late production of the accounting information is not harmless. FabriClear contends it made strategic decisions, such as whether to employ an expert, on the disclosures and production that was available to it at the close of discovery. FabriClear has undergone two mediations without access to the reports, as well as trial preparation and multiple pretrial hearings.

5

The question then becomes whether the accounting report should be excluded under Rule 37. To make that determination, the Court should consider the following factors: "(1) the party's justification for the late disclosure; (2) the opposing party's ability to overcome any prejudice; (3) the impact on the court docket; (4) the party's history of litigation abuse; and (5) the party's need for the late evidence." *Glass Dimensions*, 290 F.R.D. at 17 (citing *Harriman*, 627 F.3d at 30). Under the circumstances, the Court finds that exclusion is warranted.

Harvest Direct's justification is unpersuasive, questionable and as noted above, FabriClear would be prejudiced if Harvest Direct were allowed to use the information contained in the report at this late stage of the litigation, while FabriClear had no opportunity to use the information. Allowing Harvest Direct to use the 1500-page report would be an onerous and unnecessary exhibit in a five day trial, and Harvest Direct did not argue a compelling need for the report.

## Conclusion

For the foregoing reasons, FabriClear's First Motion in Limine to Preclude Late-Produced Documents (Docket No. 127) is **granted** as to the 1500-page accounting report, X-Out Sales Figures, number 13 on Harvest Direct's Exhibit List (Docket No. 131).

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES SENIOR DISTRICT JUDGE

SO ORDERED.