UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABRICLEAR, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| ) | NO.  20-10580-TSH |
| HARVEST DIRECT, LLC ) | |
| ) | |
| Defendant. ) | |

**ORDER**
April 29, 2024

**HILLMAN, S.D.J.**

Plaintiff ("FabriClear" or "Plaintiff") has moved post-trial for a declaration that this case is "exceptional" and therefore warrants the awarding of attorneys' fees and costs under 35 U.S.C. § 285. Defendant ("Harvest Direct" or "Defendant") opposes the motion and alternatively, requests a reduction in fees.

Under § 285, district courts have the discretion to award attorneys' fees and costs to a prevailing party in "exceptional cases." 35 U.S.C. § 285. Whether a case is "exceptional" turns on whether the case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S.Ct. 1749 (2014). District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Id*. Factors that support a finding of exceptionality include, but are not limited

to: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness, LLC*, 572 U.S. at 554 n.6, (*quoting Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 n.19, 114 S.Ct. 1023 (1994)). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*.

In the First Circuit, the *Octane Fitness* standard is applied to Lanham Act cases, as Section 1117(a) of the Lanham Act contains the same language as was construed in the *Octane Fitness* case. *See Scholz v. Goudreau*, 901 F.3d 37, 49–50 (1st Cir. 2018). While some Circuits require a showing of fraud or bad faith on the part of the infringer, the First Circuit has held that "bad faith or fraud is not a necessary precondition." *Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 32 (1st Cir. 2002).

Here, after carefully considering the totality of the circumstances, the Court finds that this is an exceptional case. Throughout the course of the litigation, Plaintiff has prevailed on all of its claims against the Defendant. Prior to trial this Court determined that the Defendant had breached the Confidentiality Agreement with Plaintiff, and had violated the Lanham Act by placing its own "X-Out" labels over existing "FabriClear" labels, placing "XOut" labels on newly-bottled FabriClear product, and placing "X-Out" labels on FabriClear product purchased from FabriClear's manufacturer in violation of the Confidentiality Agreement.  Memorandum of Decision and Order (Docket No 68). The Court also determined that these last two violations also constituted a violation of Mass. G.L. c. 93A, which at trial the jury determined to have been committed willfully and/or knowingly. While willfulness is not required for an award of attorneys' fees, a finding that the defendant acted knowingly and willfully may provide sufficient

2

basis for an award of attorneys' fees. *See SharkNinja Operating LLC v. Dyson Inc.*, 200 F. Supp. 3d 281, 288–89 (D. Mass. 2016).

Further, at trial, the jury found for the Plaintiff on all remaining claims, including breach of the Licensing Agreement, and misappropriation of trade secrets. Verdict Form (Docket No. 144). The evidence at trial demonstrated that Defendant continued selling "X-Out" labeled bottles through at least October 11, 2022, two and a half years after the Complaint in this case was filed and Defendant was put on notice. Additionally, this not a case where there is a close legal question as to whether there is a Lanham Act violation or whether Defendant had no intent to deceive or confuse the public. *See Visible Sys. Corp. v. Unisys Corp.*, 551 F.3d 65, 81–82 (1st Cir. 2008).

Defendant also objects to the amount of time Plaintiff spent on this litigation and contends that the fees requested by the Plaintiff be deducted by 50% because Plaintiff spent an excessive amount of time on certain task and because Plaintiff utilized block billing. Plaintiff counters, contending that Defendant provided no basis for what it considers reasonable for this case, and set out in detail its basis. Plaintiff argues that it spent 800 hours on a litigation that spanned three and a half years and included more than 150 docket entries, which included Defendant's filing a motion to dismiss every count of the Complaint, a motion for reconsideration on the summary judgment ruling, the filing of a suggestion of bankruptcy on the eve of trial after the work had gone into preparing for the trial, and Plaintiff's second time preparing for the trial. Accordingly, Plaintiff's request for attorney's fees will not be reduced.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees, Costs and Prejudgment Interest (Docket No. 152) is **granted**.

Plaintiff shall be awarded $457,034.50 in reasonable attorneys' fees and $15,828.93 in taxable costs for a total of $472,863.43.

Plaintiff shall also be awarded pre-judgment interest, to be calculated from the date of the filing of the Complaint, March 24, 2020.

/**s**/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

**SO ORDERED.**